UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DON BLUE, *et al.*,

    Plaintiffs,

vs.

CITY OF CINCINNATI,

    Defendant.

Case No. 1:03-cv-259

Spiegel, J.
Black, M.J.

**REPORT AND RECOMMENDATION[1] THAT: (1) DEFENDANT'S MOTION TO DISMISS (Doc. 4) BE DENIED WITHOUT PREJUDICE AS MOOT; AND (2) DEFENDANT'S MOTION TO DISMISS THE AMENDED COMPLAINT, TO VACATE THE SCHEDULE, TO STAY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT, AND FOR LEAVE TO CONDUCT DISCOVERY (Doc. 18) BE GRANTED IN PART AND DENIED IN PART; AND (3) PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (Doc. 8) BE STAYED TO THE NEW DISPOSITIVE MOTION DEADLINE OF MAY 2, 2005**

Plaintiffs bring this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. This matter has been referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1) "to conduct any necessary evidentiary hearings and to submit proposed findings of facts and conclusions of law to the Court on all motions currently pending in this action." (Doc. 34).

Since referral of this matter, the undersigned has conducted two preliminary pretrial conferences with counsel in chambers on 8/5/04 and 11/17/04 and has set a discovery cut-off of 4/2/05 and a dispositive motion deadline of 5/2/05, after which the undersigned would intend to act further upon the referral.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

## I.  PROCEDURAL HISTORY

The action was initiated by four "Division O" employees (Don Blue, Frank Rotte, Henry Wallace, and James Gunnerson) of the City of Cincinnati ("defendant" or "the city").  In the complaint, filed April 9, 2003, plaintiffs alleged violations of the FLSA's minimum and overtime wage provisions, 29 U.S.C. §§ 206, 207, and the deprivation of property interests without due process in violation of their civil rights under 42 U.S.C. § 1983.  (*See* doc. 1).  On October 20, 2003, plaintiffs filed an Amended Complaint adding 41 named plaintiffs, all of whom are also "Division O" employees of the city.  (*See* doc. 9).[2]

Defendant has filed a motion to dismiss the complaint (doc. 4) and a motion to dismiss the amended complaint, to vacate the schedule, to stay plaintiffs' motion for summary judgment, and for leave to conduct further discovery pursuant to Fed. R. Civ. P. 56(f).  (*See* doc. 18).

## II.  DEFENDANT'S MOTION TO DISMISS (Doc. 4)

On August 29, 2003, defendant filed a motion to dismiss on the grounds that plaintiffs have failed to state a claim upon which relief can be granted under the FLSA, that they lack standing to bring a due process claim, and that they have failed to state a claim upon which relief can be granted under 42 U.S.C. § 1983.  (*See* doc. 4).  On October 20, 2003, plaintiffs filed an amended complaint.

---

[2]  On October 13, 2003, plaintiffs had filed a motion for an order certifying the action as a collective action under the FLSA, 29 U.S.C. § 216(b), on behalf of all other similarly situated employees, and for summary judgment (doc. 8).  Subsequently, having added 41 named plaintiffs and conferenced twice with defendant and the Court, plaintiffs have committed to withdrawing without prejudice to re-filing their motion to certify this case as a collective action.

Although plaintiffs did not first seek leave of court to file the amended complaint, leave was not required. Rule 15 of the Federal Rules of Civil Procedure permits a party to amend a pleading once as a matter of course at any time before a responsive pleading is served. Fed. R. Civ. P. 15(a). A motion to dismiss is not a "responsive pleading" within the meaning of this rule. *Youn v. Track, Inc.,* 324 F.3d 409, 415-16 & n.6 (6th Cir. 2003).

Because the amended complaint supersedes the original complaint, *see Washer v. Bullitt County,* 110 U.S. 558, 562, 4 S. Ct. 249, 28 L. Ed. 249 (1884), defendant's initial motion to dismiss should be denied without prejudice as moot. *See National City Mortgage Co. v. Navarro*, 220 F.R.D. 102, 106 (D.D.C. 2004); *see also United States ex rel. Walburn v. Lockheed Martin Corp.,* 312 F. Supp. 2d 936, 939 (S.D. Ohio 2004).

### III. MOTION TO DISMISS THE AMENDED COMPLAINT (Doc. 18)

On January 30, 2004, defendant filed a motion to dismiss the amended complaint. Defendant presents the following arguments: (1) the amended complaint is barred by laches and the statutes of limitations; (2) the amended complaint fails to state a claim under the FLSA upon which relief can be granted; (3) plaintiffs lack standing to raise a due process claim related to prospective pension benefits; (4) plaintiffs' due process claim is not ripe; (5) the amended complaint fails to state common law state law claims upon which relief can be granted; and (6) the court should decline to exercise pendent jurisdiction over plaintiffs' state law claims. The arguments are addressed in turn.

#### A. Laches and the Statutes of Limitations

Defendant's assertion of a laches defense lacks merit. Where an action is based upon a statutory right for which Congress has provided a limitations period, laches is not

a defense if the action is filed within the applicable limitations period. *See United States v. RePass,* 688 F.2d 154, 158 (2d Cir. 1982). "If Congress explicitly puts a limit upon the time for enforcing a right which it created, there is an end of the matter. The Congressional statute of limitations is definitive." *Holmberg v. Armbrecht,* 327 U.S. 392, 395, 66 S. Ct. 582, 584, 90 L. Ed. 743 (1946).

Because Congress has provided a statute of limitations for the FLSA claims, *see* 29 U.S.C. § 255, the laches defense applies, if at all, only to plaintiffs' pendent state law claims (breach of the covenant of good faith and fair dealing, breach of contract, and promissory estoppel) and their claims of a due process violation under 42 U.S.C. § 1983. The Sixth Circuit has recognized however that an action brought within the applicable statute of limitations is presumptively reasonable and is not barred under the doctrine of laches. *See Coalition for Gov't Procurement v. Federal Prison Indus., Inc.,* 365 F.3d 435, 466 (6th Cir. 2004). Thus, if plaintiffs' claims are timely, defendant is not entitled to a defense based on laches.

The FLSA provides that claims that an employer violated the FLSA's overtime provisions must be brought within two years of the violation, except for cases of wilful violation, which must be brought within three years. *See* 29 U.S.C. § 255. A determination of which limitations period applies, *i.e.,* whether the violation was wilful, is a question for the jury. *See Bankston v. State of Illinois*, 60 F.3d 1249, 1253-54 (7th Cir. 1995).

A two-year statute of limitations applies to civil rights suits filed in Ohio under § 1983. Ohio Rev. Code Ann. § 2305.10; *Browning v. Pendleton,* 869 F.2d 989, 992 (6th Cir. 1989).

A four year statute of limitations applies to state claims of a breach of the covenant of good faith and fair dealing, a breach of contract, and promissory estoppel. *See* Ohio Rev. Code Ann. § 1302.98.

Plaintiffs allege that the city re-wrote its policy on overtime and compensatory pay in May 2002. The complaint was filed on April 9, 2003, within two years, the shortest of the limitations periods. Thus, plaintiffs' claims are timely and are not barred by the statutes of limitations or under the doctrine of laches.

Defendant also suggests that plaintiffs are equitably estopped from claiming that the city violated the FLSA's overtime provisions because they were on notice, as early as 1986, that they worked in positions that were classified as exempt. Defendant does not dispute that certain plaintiffs, classified by the city as exempt, nonetheless received time-and-a-half overtime pay for hours in excess of forty hours in a given workweek until May 2002. Defendant appears to argue instead that plaintiffs's failure to challenge the classifications as incorrect during a period of time when they were receiving allegedly voluntary overtime and compensatory pay has resulted in a waiver of their claims. Defendant's argument lacks merit.

"[D]ecisions interpreting the FLSA have frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act. Thus, [the Supreme Court has] held that FLSA rights cannot be abridged by

contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." *Barrentine v. Arkansas-Best Freight Sys., Inc.,* 450 U.S. 728, 740, 101 S. Ct. 1437, 67 L. Ed. 2d 641 (1981) (citations omitted). *See also Martin v. Indiana Michigan Power Co.,* 292 F. Supp. 2d 947, 959-60 (W.D. Mich. 2002) (holding that employees cannot waive FLSA claims for unpaid wages or overtime, for less than full statutory damages, except by way of (1) settlements supervised by the Secretary of Labor, and (2) judicially-approved stipulated settlements). Moreover, an employer's voluntary payment does not nullify an employee's entitlement to overtime compensation but serves only to offset any damages that might be due. *See id.*

### B.     Failure to State a Claim Under the FLSA

In ruling on a motion premised upon Fed. R. Civ. P. 12(b)(6), the Court "must accept as true all of the well-pleaded allegations of the complaint, construing those allegations in the light most favorable to the plaintiff." *Rossborough Mfg. Co. v. Trimble,* 301 F.3d 482, 489 (6th Cir. 2002). "For a dismissal to be proper, it must appear beyond doubt that the plaintiff would not be able to recover under any set of facts that could be presented consistent with the allegations of the complaint." *Id.* (internal quotations omitted).

The FLSA is a federal statute which regulates the employer-employee relationship by providing the legal minimum hourly wage, as well as the maximum hours that an employee may work before they are entitled to "overtime" pay.

The FLSA requires employers to pay their employees time-and a half for work performed in excess of 40 hours per week. 29 U.S.C. § 207(a)(1). The FLSA, however,

exempts employers from this requirement with respect to individuals "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). The employer bears not only the burden of proof, but also the burden on each element of the claimed exemption. *Schaefer v. Indiana Michigan Power Co.,* 358 F.3d 394, 400 (6th Cir. 2004).

To survive a motion to dismiss for failure to state a claim, the burden on plaintiffs is slight. They need only state a *prima facie* case of an FLSA violation. *See Gerard v. Northern Transp., LLC,* 146 F. Supp. 2d 63, 65 (D. Me. 2001).

In their amended complaint, plaintiffs allege that they, and other "Division O" employees, are paid an annual salary, that they are paid on a bi-weekly basis, and that they are required to work 40 hours per week (or 80 hours per pay period). They further allege that a failure to work 40 hours in a week results in a reduction of pay by the city. (Doc. 9, ¶ 7).

In March 2002, the city's Human Resources Department conducted a review of management classifications to determine whether certain positions could be considered exempt from the FLSA for purposes of overtime and compensatory pay. (*Id.* at ¶ 8). As a result of the review, "Division O" employees were considered "Not Overtime Eligible."

Prior to May 2002, "Division O" employees received overtime compensation (at a rate of one-and-a-half their regular pay) for hours worked in excess of 40 hours per week. (*Id.* at ¶ 10). However, in May 2002, the city rewrote its policy on overtime and compensatory pay. (*Id.*) Since that time, plaintiffs who have worked in excess of 40 hours per week have not received overtime compensation. (*Id.*)

Plaintiffs allege that they are not "executive," "administrative," or "professional" employees within the meaning of 29 U.S.C. § 213(a)(1) and, thus, are not exempt from the FLSA overtime provisions. (*Id.* at ¶ 11). They state further that they do not "supervise" other employees, their pay was subject to reduction based on quality or quantity of work, and their duties are not primarily in the management of the city's business. (*Id.*)

Taken as true and viewed in a light favorable to plaintiffs the allegations in the amended complaint are sufficient to state a clam under the FLSA and to survive the motion to dismiss under Fed. R. Civ. P. 12(b)(6).

### C. Standing and Ripeness to Bring Due Process Claim

In their second cause of action, plaintiffs assert that the city deprived them of property without due process in violation of the Fourteenth Amendment to the United States Constitution. The property interest in question is an anticipated reduction in retirement benefits that will occur as a result of the city's decision to discontinue overtime compensation.

In support of their claim of a due process violation, plaintiffs allege that on March 4, 1998, the Cincinnati City Council passed Ordinance No. 77-1998, which changed the pension calculation from one using a multiplier of 2% to one using a multiplier of 2.25% and including in the calculation all payments for overtime pay and compensatory time for employees hired before July 12, 1998. Thus, to the extent that the pension calculation is based on payments for overtime pay and compensatory time, the loss of overtime allegedly will result in a reduction of retirement benefits. (*Id.* at ¶ 19).

Defendant objects to plaintiffs' due process claim on the grounds that plaintiffs lack standing and that their claim is not ripe. The city alleges that plaintiffs lack standing because none is yet eligible to receive retirement benefits and, thus, cannot complain about a loss of the alleged property interest. Similarly, because the alleged reduction in benefits has not yet occurred, the claim is not "ripe."

Standing requires: (1) an injury in fact suffered by the plaintiff; (2) a causal connection between the injury and the conduct complained of; and (3) the likelihood that the injury will be redressed by a decision in the plaintiff's favor. *See Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560-61, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992).

A ripeness inquiry requires consideration of: (1) the likelihood that the injury alleged will ever occur; (2) whether the issues are fit for judicial determination; and (3) the hardship to the parties from refusing consideration. *Adult Video Ass'n v. United States Dep't of Justice,* 71 F.3d 563, 568 (6th Cir. 1995).

The Sixth Circuit recognizes that "[t]here is unquestionably some overlap between ripeness and standing." *Airline Prof'ls Ass'n of Int'l Bhd. of Teamsters, Local Union No. 1224, AFL-CIO v. Airborne, Inc.,* 332 F.3d 983, 988 (6th Cir. 2003) (citing *Warth v. Seldin,* 422 U.S. 490, 499 n.10, 95 S. Ct. 2197, 45 L. Ed. 2d 343 (1975)).

> When the injury alleged is not actual but merely threatened, standing and ripeness become more difficult to distinguish. A threatened or imminent injury may satisfy standing's injury-in-fact requirement, yet the claim may still be unripe if the issues are not fit for judicial review, perhaps because future events may greatly affect the outcome of the litigation and the cost of waiting is not particularly severe. The converse is also true.

*Airline Prof'ls Ass'n,* 332 F.3d at 988.

Plaintiffs' claim of lost retirement benefits is not ripe because they have not alleged that any plaintiff is currently eligible to receive benefits and because future events may affect the benefits to which each may become entitled. *See, e.g., Auerbach v. Board of Educ.*, 136 F.3d 104, 109 (2d. Cir. 1998) (holding that teachers' challenge to existing retirement plan was unripe and speculative because teachers had not yet retired, had suffered no loss in benefits, and a different plan might exist at the time of their actual retirement).

### D. Failure to State a Claim under Ohio Law

Defendant argues next that plaintiffs have failed to state a claim upon which relief can be granted under state law.

As a general proposition, the FLSA preempts state law claims that merely seek to enforce the defined remedies of the FLSA. *See Hammond v. Lowe's Home Centers, Inc.*, 316 F. Supp. 2d 975, 979 (D. Kan. 2004) (citing *Conner v. Schnuck Markets, Inc.*, 121 F.3d 1390, 1399 (10th Cir. 1997) (holding Kansas common law claims precluded by statutory remedy contained in FLSA)). An employer may be held liable for breach of contract under state law only if a plaintiff establishes a right to overtime or other payments in a contract independent of the FLSA. *Id.* (citing *Avery v. City of Talladega,* 24 F.3d 1337, 1348 (11th Cir. 1994)).

Plaintiffs' state law claims of breach of the covenant of good faith and fair dealing, breach of contract, and promissory estoppel are based solely on "[d]efendant's conduct in violation of the FLSA." (Doc. 9, ¶ 21). Because plaintiffs do not allege that they are

seeking to enforce any contractual rights beyond their rights under the FLSA, their state law claims should be dismissed as preempted.

### IV. DEFENDANT'S MOTION TO VACATE SCHEDULE, FOR LEAVE TO CONDUCT DISCOVERY AND TO STAY PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

In their motion to dismiss the amended complaint, defendant included, in the alternative, a motion to vacate the schedule, for leave to conduct discovery, and to stay plaintiffs' motion for summary judgment.

On March 9, 2004, the Court entered an Order granting a joint motion to vacate the prior scheduling order (doc. 23).  On August 5, 2004, an Order was entered extending the discovery deadline to April 2, 2005.  (*See* doc. 35). Defendant's motion to vacate the prior schedule is therefore moot.

Defendant's request for leave to conduct discovery and to stay plaintiff's motion for summary judgment should be granted.

Rule 56(f) of the Federal Rules of Civil Procedure provides as follows:

> Should it appear from the affidavits of a party opposing the motion [for summary judgment] that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f).

The Sixth Circuit has interpreted Rule 56(f) as requiring a party opposing a summary judgment motion to file an affidavit that "indicate[s] to the district court its need for discovery, what material facts it hopes to uncover, and why it has not previously

discovered the information." *Gettings v. Building Laborers Local 310 Fringe Benefits Fund,* 349 F.3d 300, 305 (6th Cir. 2003) (citing *Wallin v. Norman,* 317 F.3d 558, 564 (6th Cir. 2003); *Cacevic v. City of Hazel Park,* 226 F.3d 483, 488 (6th Cir. 2000)).

Defendant argues that it bears an enormous burden in attempting to respond to the fact-specific claims of the numerous plaintiffs named in this case and has attached an affidavit of counsel, Richard Ganulin, Esq., in support of its claim. (*See* doc. 18).  Mr. Ganulin reasserts the need for additional time to conduct discovery, including depositions of each plaintiff.

The city's request for a stay and for leave to conduct discovery is well-taken. Discovery is absolutely essential in this case and will aid the parties and the Court in reaching the final determination.  Specifically, the city should be afforded an opportunity to conduct discovery of each plaintiff in preparing its response to the motion for summary judgment, and plaintiffs likewise should be afforded full and potentially determinative discovery.  A fortiori, plaintiff's motion for summary judgment (doc. 8) should be stayed until after completion of discovery.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant's motion to dismiss (Doc. 4) be **DENIED WITHOUT PREJUDICE AS MOOT**;

2. Defendant's motion to dismiss the amended complaint, to vacate the schedule, to stay plaintiffs' motion for summary judgment, and for leave to conduct further discovery pursuant to Fed. R. Civ. P. 56(f) (doc. 18) be **GRANTED IN PART AND DENIED IN PART**, as follows:

      a.    The motion to dismiss the amended complaint should be **DENIED** with respect to plaintiffs' claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.;

      b.    The motion to dismiss the amended complaint should be **GRANTED** with respect to plaintiffs' claim of a due process violation under 42 U.S.C. § 1983; and

      c    The motion to dismiss the amended complaint should be **GRANTED** with respect to plaintiffs' claims of breach of the covenant of good faith and fair dealing, breach of contract, and promissory estoppel arising under state law;

      d.    Defendant's motion to vacate the prior scheduling order should be **DENIED AS MOOT**; and

      e.    Defendant's Fed. R. Civ. P. 56(f) motion for leave to conduct further discovery and to stay plaintiffs' motion for summary judgment should be **GRANTED**; and

3.    Plaintiff's motion for summary judgment (doc. 8) should be **STAYED** until the new deadline for dispositive motions of May 2, 2005 (*see* doc. 35) after the completion of discovery (April 2, 2005; *id.*).

Date:  11/19/04                     s/Timothy S. Black
                                                      Timothy S. Black
                                                      United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

DON BLUE, *et al.*,  Case No. 1:03-cv-259

    Plaintiffs,  Spiegel, J.
  Black, M.J.
vs.

CITY OF CINCINNATI,

    Defendant.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation within **TEN DAYS** after being served with a copy thereof.  That period may be extended by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the Report and Recommendation objected to and shall be accompanied by a memorandum of law in support of the objections.  A party may respond to an opponent's objections within **TEN DAYS** after being served with a copy those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).