UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Don Blue, *et al.*,

    Plaintiffs,

    v.      Case No. 1:03cv259

City of Cincinnati,      Judge Michael H. Watson

    Defendant.

## ORDER ADOPTING IN PART MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND MEMORANDUM OPINION AND ORDER

Before the Court is the November 19, 2004 Magistrate Judge's Report and Recommendation (Doc. 36) regarding Defendant's Motion to Dismiss (Doc. 4); Plaintiffs Motion to Certify Class and Motion for Summary Judgment (Doc. 8); and Defendant's Motion to Dismiss the Amended Complaint, Vacate the Schedule, Stay Plaintiffs' Motion for Summary Judgment, and for Leave to Conduct Discovery (Doc. 18).

Also before the Court is Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. 40) and Defendant's Motion to Dismiss Second Amended Complaint. (Doc. 44)

Plaintiffs bring claims for (1) violations of the Fair Labor Standards Act ("FLSA") 29 U.S.C. § 201, *et seq.*; (2) breach of the covenant of good faith and fair dealing; (3) breach of contract and/or promissory estoppel; and (4) a deprivation of property interest without due process of law in violation of the 14th amendment and in violation of 42 U.S.C. 1983.

A. <u>The Magistrate's Report and Recommendation</u>.

In the R&R, the Magistrate recommends denying as moot Defendant's Motion to Dismiss (Doc. 4), noting that Plaintiffs subsequently filed an Amended Complaint. In a footnote, the Magistrate states that Plaintiffs have committed to withdrawing without prejudice to re-filing their Motion to Certify Class. (Doc. 8) The Court notes that Plaintiffs have not yet done so. As to Defendant's Motion to Dismiss the Amended Complaint (Doc. 18), the Magistrate recommends that it be granted in part and denied in part. The Magistrate found that Defendant's laches defense lacks merit. The Magistrate explained that where Congress has provided a limitations period, laches is not a defense if the action is filed within the applicable limitations period. Since Congress has provided a statute of limitations for FLSA claims, the laches defense cannot apply. The Magistrate noted that the statute of limitations for claims that an employer violated the FLSA's overtime provisions must be brought within two years, except for cases of willful violations, which must be brought within three years. Plaintiffs allege that Defendant re-wrote its policy on overtime and compensatory pay in May of 2002. Plaintiffs' Complaint was filed on April 9, 2003, and therefore the Magistrate found that the Complaint was filed within the applicable statute of limitations. As to Plaintiffs' state law and section 1983 claims, the Magistrate found that the shortest limitation period was two years, and therefore the claims were timely filed.

The Magistrate also rejected Defendant's estoppel argument, explaining that decisions interpreting the FLSA have frequently emphasized the nonwaivable nature an individual's right to a minimum wage and to overtime pay under the Act.

In addressing Defendant's argument that Plaintiffs have failed to state a claim, the Magistrate noted that to survive a motion to dismiss, Plaintiffs need only state a *prima facie* case of a FSLA violation.  The Magistrate found that Plaintiffs have carried this burden because they allege that they are not exempt from the FSLA overtime provisions, yet since May 2002, Plaintiffs who have worked in excess of forty hours per week have not received overtime compensation.  However, the Magistrate concluded that Plaintiffs have failed to state a claim for the breach of good faith and fair dealing, breach of contract, and promissory estoppel because these state law claims are preempted by the FSLA.

The Magistrate found that Plaintiffs' due process claims were not yet ripe because Plaintiffs have not alleged that any Plaintiff is currently eligible to receive benefits and future events may affect the benefits to which each may become entitled.

Regarding Defendant's Motion to Vacate the Schedule, Stay Plaintiffs' Motion for Summary Judgment, and for Leave to Conduct Discovery (Doc. 18), the Magistrate found that Defendant's motion to vacate the prior schedule is moot since the Court granted a joint motion to vacate the prior schedule.  However, the Magistrate found that Defendant's request for a stay and leave to conduct discovery was well-taken.

B.    Objections to the Report and Recommendation.

The parties were given proper notice, pursuant to 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the Report and Recommendation in a timely manner.  See *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).  Both Plaintiffs and Defendant filed Objections to the R&R.  (Docs. 38, 39)

Plaintiffs' objections to the R&R are twofold. First, Plaintiffs explain that while the Magistrate found that Plaintiffs' due process claim was not ripe because Plaintiffs did not allege that any Plaintiff is currently eligible to receive benefits, since the filing of the Amended Complaint, several of the Plaintiffs have retired.[1] Plaintiffs argue that their retirement factually distinguishes this case from the authority cited by the Magistrate. Second, Plaintiffs argue that the remaining Plaintiffs have standing and are not barred by ripeness from bringing their due process claims because they have suffered a direct, concrete harm, and the only remaining issue is the calculation of damages. In the alternative, Plaintiffs request that the dismissal of their due process claim is not on the merits and without prejudice to permit the Plaintiffs to refile when they retire.

Defendant objects to the R&R insofar as the Magistrate did not rule that the Plaintiffs' claims were barred by the statute of limitations, or that Plaintiffs have failed to state a claim under FLSA.

    C.    <u>Arguments of the Parties regarding Second Amended Complaint</u>.

Plaintiffs argue that it is necessary to amend the First Amended Complaint because as of the date of the ruling by the Magistrate, Plaintiffs Don Blue, Henry Wallace, Michael Bedel, Raymond Christopfel, Mark Cole, and William Vodegel have retired and are receiving decreased pension benefits as a result of Defendant's decision to stop paying overtime and compensatory time earnings. Plaintiffs explain that the Complaint has also been amended to identify the correct ordinance which affects Plaintiffs' claims.

---

[1] Plaintiffs' Motion for Leave to File a Second Amended Complaint is currently pending before this Court. (Doc. 40)

Defendant has filed a Motion to Dismiss the Second Amended Complaint. Defendant does not raise any new arguments, but relies on the arguments it made in its previous motions to dismiss. Plaintiffs respond that they rely upon the arguments they previously made.

D. <u>Analysis</u>.

1. *Ripeness and Standing*.

Plaintiffs argue that Plaintiffs Don Blue, Henry Wallace, Michael Bedel, Raymond Christopfel, Mark Cole, and William Vodegel's claim of a due process violation are ripe because as of the date of the ruling by the Magistrate, these Plaintiffs have in fact retired. Plaintiffs seek to amend the Complaint to reflect this change in circumstances. (Doc. 40)

Pursuant to Federal Rule of Civil Procedure 15(a), a court should freely give leave to amend a complaint "when justice so requires." As the Supreme Court has explained:

> In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). However, leave to amend may be denied where the amendment would be futile. *Id.* The "futility" of the amendment is tested by whether the proposed complaint would survive a motion to dismiss, under Rule 12(b). *Neighborhood Development Corp. v. Advisory Council on Historic Preservation*, 632 F.2d 21, 23 (6th Cir. 1980) (per curiam). Instead of opposing Plaintiff's Motion for Leave to Amend on this basis, Defendant has filed a Motion to Dismiss. (Doc. 44) Therefore, the Court will construe Defendant's Motion as opposing Plaintiff's Motion for Leave to Amend

on this basis as it refers to the due process claim.  To the extent Defendant's Motion refers to Plaintiff's other claims, the Court will read Defendant's Motion as nothing more than an attempt to re-argue points already addressed in the previous motions to dismiss and its objections to the R&R.

The Court finds that Plaintiffs' amendment would not be futile because the retirement of Plaintiffs Don Blue, Henry Wallace, Michael Bedel, Raymond Christopfel, Mark Cole, and William Vodegel makes their claim of a due process violation ripe.  Therefore, Plaintiffs' Motion for Leave to File a Second Amended Complaint is granted, and Defendant's Motion to Dismiss Second Amended Complaint is denied.  Based on this ruling, the Court does not adopt the Magistrate's Recommendation to dismiss the claim of due process violation as to all Plaintiffs.  Instead, the Motion to Dismiss the Amended Complaint is denied with respect to Plaintiffs Don Blue, Henry Wallace, Michael Bedel, Raymond Christopfel, Mark Cole, and William Vodegel's claim of a due process violation under 42 U.S.C. § 1983; but granted with respect to the remaining Plaintiffs' claims.

However, Plaintiffs argue that the remaining Plaintiffs have standing and are not barred by ripeness from bringing their due process claims because they have suffered a direct, concrete harm, and the only remaining issue is the calculation of damages.

As the Sixth Circuit has explained, ripeness is a question of timing, and the doctrine dictates that "courts should decide only existing, substantial controversies, not hypothetical questions or possibilities."  *City Communications, Inc. v. City of Detroit*, 888 F.2d 1081, 1089 (6th Cir. 1989).  Here, the remaining Plaintiffs only have the possibility of receiving the retirement benefits Plaintiffs claim have been affected by the Defendants changes to overtime and compensatory time.  Future events could affect whether these Plaintiffs are

entitled to any benefits at all.  Therefore, the Court will dismiss the remaining Plaintiffs' due process claims without prejudice, which will permit the Plaintiffs to refile when they retire.

      2.    *Statute of Limitations*.

Defendant makes no new argument that Plaintiffs' claims are barred by the statute of limitations, but instead argues that the Plaintiffs knew or should have known years ago that they were classified as exempt employees.  However, based on Plaintiffs' allegations, the violation of the FLSA occurred within either the two-year or three-year limitation periods under the statute.  Similarly, Plaintiffs Don Blue, Henry Wallace, Michael Bedel, Raymond Christopfel, Mark Cole, and William Vodegel's  section 1983 claim is not barred by the two-year statute of limitations applicable to actions arising in Ohio.

      3.    *Failure to state a claim*.

Defendant raises no new arguments in its objections to the R&R.  When determining the sufficiency of a complaint in the face of a motion to dismiss, a court will apply the principle that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  "The issue in reviewing the sufficiency of a complaint is not whether the plaintiff will prevail, but whether the plaintiff is entitled to offer evidence to support his claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds*, *Harlow v. Fitzgerald*, 457 U.S. 800 (1982).  Here, Plaintiffs have alleged facts which are sufficient to state a claim under the FSLA, and Defendants' Motion to Dismiss is denied.

Upon *de novo* review of this matter, pursuant to 28 U.S.C. § 636, the Court finds no error in the Magistrate Judge's Report and Recommendation.  Accordingly, the November

19, 2004, Magistrate Judge's Report and Recommendation is hereby **ADOPTED IN PART.**

It is **ORDERED** that:

1. Defendant's Motion to Dismiss (Doc. 4) be **DENIED WITHOUT PREJUDICE AS MOOT**;

2. Defendant's Motion to Dismiss the Amended Complaint, to Vacate the Schedule, to Stay Plaintiffs' Motion for Summary Judgment, and for Leave to Conduct Further Discovery Pursuant to Fed. R. Civ. P. 56(f) (Doc. 18) be **GRANTED IN PART AND DENIED IN PART**, as follows:

    a. The Motion to Dismiss the Amended Complaint is **DENIED** with respect to Plaintiffs' claims arising under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.;

    b. The Motion to Dismiss the Amended Complaint is **DENIED** with respect to Plaintiffs Don Blue, Henry Wallace, Michael Bedel, Raymond Christopfel, Mark Cole, and William Vodegel's claim of a due process violation under 42 U.S.C. § 1983;

    c. The Motion to Dismiss the Amended Complaint is **GRANTED** with respect to the remaining Plaintiffs' claim of a due process violation under 42 U.S.C. § 1983 and these claims are dismissed **WITHOUT PREJUDICE**;

    d. The Motion to Dismiss the Amended Complaint is **GRANTED** with respect to Plaintiffs' claims of breach of the covenant of good faith and fair dealing, breach of contract, and promissory estoppel arising under state law;

    e. Defendant's Motion to Vacate the Prior Scheduling Order is **DENIED AS MOOT**; and

    f. Defendant's Motion for Leave to Conduct Further Discovery and to Stay Plaintiffs' Motion for Summary Judgment is **GRANTED**;

3. Plaintiffs' Motion for Summary Judgment (Doc. 8) is **STAYED** until the new deadline for dispositive motions of July 6, 2005 (Doc. 47);

4. Plaintiffs' Motion for Leave to File a Second Amended Complaint (Doc. 40) is **GRANTED**;

5. Plaintiffs are **ORDERED** to file the Second Amended Complaint in the record; and

6. Defendant's Motion to Dismiss Second Amended Complaint  (Doc. 44) is **DENIED**.

        S/Michael H. Watson
Michael H. Watson, Judge
United States District Court