**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

DON BLUE, et al.,

    Plaintiffs

vs.

CITY OF CINCINNATI,

    Defendant.

Case No.: 1:03cv259

Judge Watson

SECOND AMENDED COMPLAINT

\* \* \* \* \* \* \* \* \*

## JURISDICTION AND VENUE

1.    The Court has jurisdiction of this case under 29 U.S.C. Section 216(b) and 28 U.S.C. Section 1331.

2.    Venue is proper in the Southern District of Ohio, Western Division, because the actions of the Defendant that give rise to this complaint occurred within said division of the Southern District.

## PARTIES

3.    The Plaintiffs were at all times material hereto, Division O employees of Defendant city of Cincinnati. There are approximately 1000 Division O employees of the city of Cincinnati.

4.    The Plaintiffs, as Division O employees of the city of Cincinnati, bring this action on their own behalf and on behalf of other current and former Division O employees of the Defendant who are similarly situated to the Plaintiffs (hereinafter described as "employees" or "other Division O employees of the Defendant") as described hereafter who have suffered

1

damages within the 6 months immediately preceding the filing of this suit as a result of the illegal conduct of the Defendant as described hereafter.

5.     The Defendant city of Cincinnati was at all times material hereto a municipal corporation within Hamilton County, Ohio, within the Southern District of Ohio, Western Division.

6.     The Defendant was at all times material hereto an employer as defined under the Fair Labor Standards Act with employees, including the Plaintiffs and other employees similarly situated to the Plaintiffs as described hereafter.

## FACTS

7.     Plaintiffs, and other Division O employees, are paid an annual salary as compensation for the services provided by the Plaintiffs to the Defendant. The annual salary paid to the Plaintiffs by the Defendants is paid on a bi-weekly basis. Plaintiffs are required by the Defendant to work a minimum of forty hours each week, or eighty hours each pay period. If the Plaintiffs do not work forty hours in a week, their pay will be reduced by the city of Cincinnati.

8.     In March 2002, the city of Cincinnati Human Resources Department conducted a review of all management classifications in the city of Cincinnati to determine classification considered exempt from the FLSA for purposes of overtime and compensatory time. (See Exhibit 1). As a result of this review, some employees were considered "Overtime Eligible" and some, the Division O employees, were considered "Not Overtime Eligible." These determinations were made based upon a review of the classification specification for each classification. Although the class specification specifies the duties that may be performed by an

employee, it does not describe the duties of any particular employee.

9. Until the city of Cincinnati policy on overtime or compensatory time was rewritten in May 2002, Plaintiffs, and other Division O employees of the city, received 1 ½ times their regular rate of pay for all hours worked in excess of 40 hours in a work week.

10. From May 2002 to the present, the Plaintiffs, and other Division O employees of the city, worked hours in excess of 40 in a work week without overtime compensation paid to them by the Defendant.

11. The Plaintiffs, and other Division O employees of the city, were not, during the time of their employment with the Defendant, an "executive," "administrative," or "professional" employee within the meaning of 29 U.S.C. Section 213(a)(1), in that they did not "supervise" other city employees, their pay was subject to reduction based on the quality or quantity of their work, and their duties are not primarily in the management of the city's business. The Plaintiffs did not otherwise qualify as "exempt."

12. Upon information and belief, the Plaintiffs state that the other Division O employees of the Defendant, including employees of all departments operated by the Defendant city of Cincinnati, are similarly situated to the Plaintiffs in that said Division O employees are paid a salary without overtime compensation, and said employees are not an "executive," "administrative," or "professional" employee within the meaning of 29 U.S.C. Section 213(a)(1).

## FIRST CAUSE OF ACTION

13. The Plaintiffs, on their own behalf and on behalf of other Division O employees of the Defendant who are similarly situated to the Plaintiff, bring this cause of action under 29 U.S.C. Sections 201, et seq., ("FLSA").

14. Under the provisions of Sections 206 and 207 of the FLSA, the Defendant, as employer of the Plaintiffs, and other Division O employees of the Defendant similarly situated to the Plaintiffs, was required to pay the Plaintiffs, and other Division O employees of the Defendant similarly situated to the Plaintiffs, overtime compensation at the rate of one and one-half times the regular rate of pay for each hour of overtime worked in excess of forty hours in any work week.

15. The Defendant, in violation of the provisions of Sections 206 and 207 of the FLSA, has failed to pay overtime compensation to the Plaintiffs, and other Division O employees of the Defendant similarly situated to the Plaintiffs, at the rate of one and one-half times the regular rate of pay for each hour of overtime worked in excess of forty hours in any work week thereby directly and proximately causing damage to the Plaintiffs and to other employees of the Defendant who are similarly situated to the Plaintiffs.

16. The actions of the Defendant in failing to pay the overtime compensation to the Plaintiffs, and other Division O employees of the Defendant similarly situated to the Plaintiffs, as set forth above, were not inadvertent, were not in objective or subjective good faith, and were not based on reasonable grounds, thereby entitling each of the Plaintiffs and the other Division O employees of the Defendant similarly situated to the Plaintiffs to actual damages in the amount of the overtime compensation due and to liquidated damages in an amount equal to the amount of the overtime compensation. The exact amount of overtime compensation and liquidated damages due to the Plaintiffs, and other Division O employees of the Defendant who are similarly situated to the Plaintiffs, is unknown, but on information and belief is estimated to exceed five hundred thousand dollars.

SECOND CAUSE OF ACTION

17. Prior to March 14, 1998, city employees earned a pension based on 2% multiplied by their number of years of service, multiplied by the average of their highest three years of continuous service. This pension calculation included payments to the employee for overtime and compensatory time in the calculation of the highest three years of continuous service. On March 4, 1998, the city of Cincinnati City Council passed Ordinance No. 77-1998, providing that, "... City employees hired prior to July 12, 1998, shall have until July 11, 1999 to make an irrevocable choice to use a multiplier of 2.25% in the calculation of their service retirement allowance." (See Exhibit 2).

18. Ordinance No. 77-1998 further provided that, "... City employees who are FLSA non-exempt employees who subsequently become FLSA exempt employees will have 60 days to make an irrevocable choice to use a multiplier of 2.25% in the calculation of their service retirement allowance..."

19. Ordinance No. 77-1998 changed the current pension calculation formula from one using a multiplier of 2% to 2.25% while including in said pension calculation all payments for overtime pay and compensatory time for employees hired before July 12, 1998.

20. On or about April 14, 1999, Cincinnati City Council passed Ordinance No. 130-1999 (copy attached). This ordinance modified the percentage multiplier again and again required the Plaintiffs to make an irrevocable choice in their pensions.

21. Ordinance No. 130-1999 required the Plaintiffs to make an irrevocable choice by October 1, 1999. The irrevocable choice given to the Plaintiffs was to choose a pension based on a multiplier of 2.22%, multiplied by the number of years of service, multiplied by the average

of the highest three years of continuous service, including overtime and compensatory time in the calculation of the highest three years of continuous service, or choose a pension calculated on 2.50%, but not including overtime and compensatory time in the calculation of the highest three years of continuous service. The Plaintiffs, because they had historically earned overtime and compensatory time, irrevocably choose the 2.22% multiplier.

22. Although the Plaintiffs were required to continue to work overtime in excess of 40 hours per week and/or 80 hours per two week pay period, in May of 2002, the Defendant unlawfully terminated the Plaintiffs' overtime and compensatory time payments thereby directly and proximately causing a guaranteed, permanent reduction in the pension benefits payable to the Plaintiffs upon their retirement.

23. Defendant, city of Cincinnati by unlawfully depriving Plaintiffs, and other Division O employees of the city, of overtime and compensatory time in violation of the FLSA have diminished Plaintiffs' retirement benefits, and that of other Division O employees of the city, thus depriving Plaintiffs, and other Division O employees of the city, of full pension benefits. Plaintiffs Don Blue, Henry Wallace, Michael Bedel, Raymond Christopfel, Mark Cole and William Vodegel have retired and are receiving decreased pension benefits as a direct and proximate result of their irrevocable pension election and the decision of the Defendant to stop paying said Plaintiffs their overtime and compensatory time earnings.

24 Defendant's conduct in violation of the FLSA, constitutes a breach of the covenant of good faith and fair dealing, breach of contract and/or promissory estoppel, and a denial of due process.

25. Each of the Plaintiffs chose a pension calculated on the basis of 2.22% because

said pension election allowed the Plaintiffs to include in the pension calculation their overtime and compensatory time.  The Plaintiffs could have choose a pension calculated on the basis of 2.50%, but said calculation did not allow overtime of compensatory time to be included in the calculation.  Each Plaintiff made their election of 2.22% because each determined that their pension would be higher because of the overtime and compensatory time they had traditionally, lawfully earned.   That election of 2.22% was permanent and irrevocable under Ordinance No. 130-1999.  After the election was made by the Plaintiffs, the Defendants unilaterally and illegally eliminated the overtime and compensatory payments to the Plaintiffs for their time worked by each Plaintiff thereby reducing the pension of each Plaintiff, without allowing the Plaintiffs to reelect a 2.50% pension without overtime and compensatory time included in the calculation.  All of said conduct of the Defendant was without a hearing for the Plaintiffs and denied the Plaintiffs due process of law.  Defendant's conduct in violation of the FLSA deprives Plaintiffs, and other  Division O employees of the city, of a vested property interest without due process of law in violation of the 14th amendment and in violation of 42 U.S.C. 1983.

26.    The actions of the Defendant in failing to pay the overtime compensation to the Plaintiffs, and other Division O employees of the Defendant similarly situated to the Plaintiffs, as set forth above, were not inadvertent, were not in objective or subjective good faith, and were not based on reasonable grounds, thereby entitling each of the Plaintiffs and the other employees of the Defendant similarly situated to the Plaintiffs to actual damages in the amount of the diminishment of their retirement benefits, interest, and to liquidated damages in an amount equal to the amount of the retirement benefits. The exact amount of overtime compensation and liquidated damages due to the Plaintiffs, and other employees of the Defendant who are similarly

situated to the Plaintiffs, is unknown, but on information and belief is estimated to exceed five hundred thousand dollars.

Wherefore, Plaintiffs, on their own behalf and on behalf of other Division O employees of the Defendants who are similarly situated to the Plaintiffs, demand judgment against the Defendant, in an amount to compensate each said employee of the Defendant for their unpaid overtime worked, for an equal amount for each employee as liquidated damages, the exact amount of which is unknown at this time, but on information and belief is believed to be in excess of five hundred thousand dollars, in equity demand the right to choose a pension election based on the ultimate determination of the Court in this case, for attorneys fees to prosecute this action, costs, and all other relief to which the Plaintiffs, and the other Division O employees of the Defendant who are similarly situated to the Plaintiffs, are entitled

Respectfully submitted,

s/ William M. Gustavson
Ohio Bar Number 0016674
Attorney for Plaintiffs
1011 Paradrome Street
Cincinnati, Ohio  45202-1516
Telephone:  (513) 621-4477
Facsimile:  (513) 421-3043
E-Mail: wmg@gustavsonlaw.com

## JURY DEMAND

The Plaintiffs demand a trial by jury.

> s/ William M. Gustavson
> Ohio Bar Number 0016674
> Attorney for Plaintiffs
> 1011 Paradrome Street
> Cincinnati, Ohio  45202-1516
> Telephone:  (513) 621-4477
> Facsimile:  (513) 421-3043
> E-Mail: wmg@gustavsonlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on June 9, 2005, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following : Richard Ganulin, Attorney for the Defendant City of Cincinnati.

> s/ William M. Gustavson
> Ohio Bar Number 0016674
> Attorney for Plaintiffs
> 1011 Paradrome Street
> Cincinnati, Ohio  45202-1516
> Telephone:  (513) 621-4477
> Facsimile:  (513) 421-3043
> E-Mail: wmg@gustavsonlaw.com